IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DUSTIN SCOTT FILES,**

    Petitioner,

v.                                                                               Civil Action No. **3:21CV94**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

Dustin Scott Files, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 3.)[1] Files raises the following grounds for relief:[2]

    Claim One:    "Denial of Available Program (Reentry Program)." (*Id.* at 6.)

    Claim Two:    "Denial of Nunc Pro Tunc prior time consumption for time spent in official detention prior to 12/08/2020 (date of 11 mo. sentence) (Willis/Kayfez)." (*Id.*)[3]

---

[1] The statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--
  **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
  **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
  **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization, punctuation, and spelling in quotations from Files's submissions.

[3] Files filled in the section for Ground Three. However, it appears that what he wrote under Ground Three is merely a continuation of his allegations in Ground Two. Even if Files intended to raise a third ground, what he has alleged makes no sense standing alone and fails to state a discernable claim for relief. Files states: "Not currently in custody under any state court judgment. PR Bond. No state sentence." (ECF No. 3, at 6.) The Court will not consider these sentence fragments as a third claim.

The Government has filed a Motion to Dismiss for Lack of Jurisdiction arguing that Files failed to exhaust his administrative remedies, Claim One fails to state a cognizable claim for relief, and Claim Two is moot. (ECF No. 9.) Despite the provision of notice pursuant to *Roseboro*,[4] Files has not filed a response.[5] For the reasons set forth below, the Motion to Dismiss will be GRANTED and the § 2241 Petition will be DISMISSED because Files's claims are moot.[6]

## I. Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

---

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[5] According to Respondent, Files was released from Bureau of Prisons ("BOP") custody on May 28, 2021. (ECF No. 10–1, at 2 n.1.) Files failed to update his address with the Court upon his release as required by the Court, and for this reason alone, the Court could have dismissed the § 2241 Petition. (*See* ECF No. 2 ¶ 7.) However, Respondent also notes that Files quickly violated the terms of his supervised release and a revocation hearing was scheduled for September 17, 2021. (*See id.*) At no time since his release or his subsequent revocation, has Files inquired about this § 2241 Petition or provided any indication to the Court that he remains interested in litigating this action. Thus, it appears Files has no interest in pursuing this action. Nevertheless, the Clerk is DIRECTED to update Files's address to the address reflected on the docket for *United States v. Files*, No. 3:19CR116.

[6] Although the Court believes that Files claims are unexhausted, the Court does not engage in that analysis because his claims are moot.

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II. Factual Background for Files's Claims

As background, on September 9, 2008, pursuant to a guilty plea, the United States District Court for the Western District of Virginia ("Sentencing Court") convicted Files of conspiracy to possess with intent to distribute more than five kilograms of cocaine powder, more than fifty grams of cocaine base, and more than 50 grams of pure methamphetamine, and sentenced him to a 180 months of incarceration followed by a five-year term of supervised release. *See United States v. Files*, Nos. 5:07CR00063–06, 5:09CV80184, 2010 WL 227706, at *1–3 (W.D. Va. Jan. 19, 2010); (ECF No. 10–1, at 2).[7] The Sentencing Court later reduced

---

[7] The Court omits the secondary citations from Respondent's exhibits.

3

Files's sentence to 130 months of incarceration. (ECF No. 10–1, at 2.) Files was released from custody and began serving his period of supervised release on July 19, 2019. (*Id.*) On August 14, 2019, the Sentencing Court transferred jurisdiction over Files's supervision to this Court. *United States v. Files*, No. 3:19CR116 (E.D. Va. filed Aug. 27, 2019), ECF No. 2. Since that time, Files has had his supervised release revoked twice before he filed the instant § 2241 Petition. *See id.* ECF Nos. 14, 27.

Relevant here, on December 8, 2020, the Court revoked Files's supervised release and committed him to the BOP for eleven months. (*See id.* ECF No. 26.) The BOP initially calculated Files's projected release date to be September 13, 2021. However, on May 25, 2021, the BOP updated the calculation to include "jail credit from July 1, 2020, through December 7, 2020," for the period he was detained before the Court imposed his new eleven-month revocation sentence. (ECF No. 10–1, at 2.) The updated computation "resulted in a statutory release projected date of May 31, 2021, and Mr. Files actually completed is sentence and was released from BOP custody May 28, 2021." (*Id.* at 2–3.)

### III. Files's Claims Are Moot

#### A. Mootness

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a]

4

federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

B. **Claim One**

In Claim One, Files argues that he was denied an "Available Program (Reentry Program)." (ECF No. 3, at 6.) From his attachments to his § 2241 Petition, it is evident that Files was denied "RRC [Residential Re-entry Center] placement" while he was serving his eleven-month revocation sentence because he had "pending charges in Virginia Beach." (ECF No. 3–2, at 11.) Files seemingly suggests that he was wrongly denied placement in a RRC by the BOP and asks the Court to review that denial. However, on May 28, 2021, Files finished serving his eleven-month revocation sentence for which he was seeking an RRC placement. (ECF No. 10–1, at 2–3.) Thus, his completion of that particular revocation sentence renders his claim challenging the denial of placement in a re-entry program during that sentence moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that a "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon completion of revoked term of imprisonment). Accordingly, Claim One will be DISMISSED as moot.[8]

---

[8] The Court notes that, even if Claim One were not moot, it likely fails to state a cognizable ground for relief. Under the First Step Act, the "BOP shall designate the prisoner's place of imprisonment" and the BOP's "designation of a place of imprisonment . . . *is not reviewable by the Court*." 18 U.S.C. § 3621(b) (emphasis added). As Respondent correctly asserts, "the Court does not have the authority to order that BOP transfer Petitioner to an RRC or halfway house. The decision whether to place an inmate in an RRC or halfway house is committed to the BOP under statutory authority and is not relief this Court may grant." *Mingo v. Bragg*, No. 9:20–0010–TMC–MHC, 2020 WL 8371203, at *2 (D.S.C. July 28, 2020) (citations omitted), *Report and Recommendation adopted*, 2021 WL 327377 (D.S.C. Feb. 1, 2021); *see Winegar v. Adams*, No. 1:20–cv–246, 2021 WL 5629920, at *6 (N.D. W.Va. Nov. 3, 2021), *Report and Recommendation adopted*, 2021 WL 5629480 (N.D. W.Va. Nov. 30, 2021) (explaining that the Court lacks the authority to order an inmate placed in RRC or in home confinement "unless a clear constitutional violation occurred"). Files lacks a constitutional right

### C. Claim Two

In Claim Two, Files alleges: "Denial of Nunc Pro Tunc prior time consumption for time spent in official detention prior to 12/08/2020 (date of 11 mo. sentence) (Willis/Kayfez).[9]" (ECF No. 3, at 6.) Files argues that he was denied sentencing credit for the five months that he spent in jail from July 1, 2020 until his eleven-month revocation sentence was imposed on December 8, 2020. Claim Two is moot for two reasons. First, as discussed above, Files has completed the eleven-month revocation sentence and can no longer receive sentencing credit for that sentence. Second, Files was already credited for this time-served in presentence custody. The BOP initially calculated Files's projected release date to be September 13, 2021. (ECF No. 10–1, at 2.) However, on May 25, 2021, the BOP updated the calculation to include "jail credit from July 1, 2020, through December 7, 2020." (*Id.*) The updated computation "resulted in a statutory release projected date of May 31, 2021, and Mr. Files actually completed his sentence and was released from BOP custody [on] May 28, 2021." (*Id.* at 2–3.) Thus, Files already received the five-month time credit that he asks for in Claim Two and his claim is moot. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citation omitted) (explaining that "one such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Claim Two is MOOT and will be DISMISSED.[10]

---

to be housed in any particular facility, *see Meachum v. Fano*, 427 U.S. 215, 223 (1976), and he does not allege that the BOP clearly violated his constitutional rights by denying him placement in an RRC. Accordingly, Files fails to explain, and the Court fails to discern, how it can review the BOP's decision to not place Files in an RRC. Therefore, Files also likely fails to state a cognizable claim for relief in Claim Two.

[9] *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993) both addressed under what circumstances a defendant should receive credit against their federal sentence for time spent in presentence state custody. Because Files already received the credit for his presentence custody, these cases are inapt.

[10] Files also seeks monetary damages as relief. (*See* ECF No. 3, at 7.) "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or

6

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 9) will be GRANTED. Files's § 2241 Petition (ECF No. 3) will be DENIED. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 7-7-2022  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). If Files wishes to seek monetary damages, he must do so through a civil rights action, not through a writ of habeas corpus. *See Preiser*, 411 U.S. at 494.

7